IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 FEB 26 PM 4:27

DEPUTY CLERK

| | | |
|---|---|---|
| Frankie N. Morgan, and Angela Morgan-Lyles<br>Plaintiff,<br><br>Vs<br><br>Harmony public Schools; Harmony School of Nature and Athletics; Harmony School of Nature Independent School, Eric G. Ransleben<br>Defendants. | §§§§§§§§§§§§§ | Case No.<br><br>**3-16CV-544-K**<br><br>**Jury Trial Demanded** |

Motion to Set Aside

1 of 3

## Plaintiff, FRANKIE N. MORGAN, MOTION TO SET ASIDE SECTION 504 DUE PROCESS HEARING SECOND PRE-HEARING ORDER AND MOTION TO RECUSE HEARING OFFICER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, PLAINTIFFS, FRANKIE N. MORGAN and ANGELA MORGAN-LYLES, who file this Motion to Set Aside the Section 504 Due Process Hearing Second Pre-Hearing Order. And to have Eric G. Ransleben recused on the matter as Hearing Officer.

I.

The grounds for this motion are that the Due Process Hearing Officer dismissed the matter at the pre-Hearing stage and cited the following reasons: 1. the relief sought is outside of the 2 year limitation; 2. that there is insufficient evidence to support a tolling claim in order to reach beyond the strict time bar; 3. there is insufficient evidence to support going forth with a violation claim for the 2013-2014 school year based upon information contained in the OCR report.

II.

According to the Section 504 Due Process Hearing Procedures, a pre-hearing can only be dismissed at the pre-hearing stage because of the following reason: The Hearing Officer find that the parent, as a matter of law, alleges and raises no factual claim or legal issues that come within his/her jurisdiction as a 504 Hearing Officer.

III.

PLAINTIFFS, FRANKIE N. MORGAN and ANGELA MORGAN-LYLES, believe that The Hearing Officer, Eric G. Ransleben, will not be a fair and impartial judge in this matter due to the fact that he did not follow the procedures

Section 504 guidelines, and intentionally dismissed the complaint in a illegal manner. The Hearing Officer (Eric Ransleblen) intentionally misled and deceived me regarding the due process procedures including our right to have this matter heard in Federal Court. Furthermore, he refused to provide me with a tape-recording of the November 30th 2016, pre-hearing conference which I am required to receive by law.

    This Motion is based on the pleadings and papers on file in this case and the attached memorandum.

                                       Respectfully submitted,

**Frankie N. Morgan, Pro Se**
**/s/ Frankie N. Morgan,**

**Angela Morgan-Lyles, Pro Se**
**/s/Angela Morgan-Lyles**

6931 Clarkridge Dr.
Dallas, TX 75236
469-222-1812

### CERTIFICATE OF SERVICE

I hereby certify that on the February 26th 2016, I filed the foregoing with the Clerk of the Court. I will mail notification of such filing to the following:

**VIA USPS 1st CLASS MAIL**

Zekeriya Yuksel
Harmony Science Academy
701 S. Industrial Blvd
Euless, TX 76040


Eric Ransleben
100 Indian Creek Blvd Ste 230
Trophy Club, TX 76262

Motion to Set Aside                                                                              3 of 3

# THE LAW OFFICES OF
# ERIC G. RANSLEBEN

| | | |
|---|---|---|
| 100 Indian Creek Boulevard, Ste.230 | Eransl@aol.com | (817) 491-8687 |
| Trophy Club, Texas 76262 | www.theeducationlawyer.com | (817) 490-9393 facsimile |

December 04, 2015

Mr. Frankie Morgan, Jr.
6931 Clarkridge Dr.
Dallas, Texas 75236

VIA REGULAR MAIL

Robert A. Schulman
Christopher Schulz

rschulman@slh-law.com
cschulz@slh-law.com

Re: In Re: Frankie M. v. Harmony Science Academy
Docket No. 1067-15048

## SECTION 504 DUE PROCESS HEARING
## SECOND PRE-HEARING ORDER

Dear Parties:

On the 30th day of November, 2015, came on to be heard the Second Pre-Hearing Conference in accordance with the Third-Party Hearing pursuant to Section 504 of the Rehabilitation Act of 1973. Both parties attended via teleconference.

Respondent's Request For Dismissal was further discussed at length. This hearing officer ruled that the relevant statute of limitations in this case is two (2) years. Regarding the claim that the issues were moot or barred based on the July 28, 2015 OCR findings report, the ruling is that the issues are not precluded based on that investigation as it pertained to a claim of discrimination, separate and apart from the jurisdiction of a 504 Due Process Hearing. However, the investigation and findings were considered as relevant evidence in the discussion of the statute of limitations.

After significant discussion, I find that the conduct in question and the relief sought are outside of the two-year statute of limitations. I further find that there is insufficient evidence to support a tolling claim in order to reach beyond the strict time bar. I also find that there is insufficient evidence to support going forth with a violation claim for the 2013-2014 school year based upon information contained in the OCR report and statements made by the parties during the pre-hearing conference.

THEREFORE, IT IS ORDERED AND DECREED that this matter is dismissed.

Sincerely,

*[signature: Eric Ransleben]*

Eric G. Ransleben
State Bar No. 16548475

EGR/ez
cc: file

## Section 504 Due Process Hearing Procedures

**Right to Due Process.** If a parent or guardian ("Parent") wishes to contest an action or omission on the part of the District regarding identification, evaluation, or placement of a child with a disability under §504 of the Rehabilitation Act of 1973 ("§504"), the Parent has a right to an impartial hearing before an impartial hearing officer. Omissions on the part of the District regarding a child with a disability might include, for example, the District's failure to identify a child eligible for services under §504. A child who is not currently eligible for services under §504 may have the right to due process for a failure to identify claim.

**Parent Participation & Representation.** A Parent has the right to participate, speak, and present information at the due process hearing. Also, a Parent has the right to be represented by legal counsel or any other type of advocate or representative of their choice at their expense. If a Parent will be represented by a licensed attorney at the due process hearing, he or she must inform the District's §504 Coordinator, and the appointed Hearing Officer of that fact in writing at least seven (7) calendar days prior to the hearing date. Failure to notify the §504 Coordinator and the appointed Hearing Officer of that fact in writing shall constitute good cause for a continuance of the hearing date. (See "Continuances" below)

**Initiation of Due Process Procedures.** A Parent who wants to challenge a District's action or omission regarding the identification, evaluation, or placement of a child with a disability must submit a written Request for a Due Process Hearing to the District's §504 Coordinator. Such a written request must make clear that the Parent is seeking a due process hearing under §504 before an impartial §504 Hearing Officer. The written request may be made on a form provided by the District for that purpose. If an intent to seek a due process hearing under §504 is not clear from the face of a Request, the District's §504 Coordinator may contact the Parent to clarify the Request and ascertain whether the Parent wishes to initiate a §504 due process hearing. The Coordinator may also assist the Parent in clarifying any questions regarding due process rights under §504. The reasonable time involved in ascertaining whether any ambiguous or unclear Request seeks a due process hearing under §504 shall toll the time lines set forth in these procedures (meaning that such time will not count toward the time lines specified in these procedures). If after such communication, the District is still unsure whether the Parent is requesting a due process hearing under §504, the District shall initiate due process procedures, and the appointed Hearing Officer will hold a pre-hearing conference to decide whether the Parent is seeking a due process hearing under §504, and whether the Hearing Officer has jurisdiction to entertain the claims and issues raised by the Parent. (See "Pre-Hearing Conferences" below)

**Appointment of a Hearing Officer.** Within fifteen (15) days of the date of receipt of a clear Request for Due Process Hearing, the District will appoint an impartial Hearing Officer to preside over the hearing and issue a decision. The Hearing Officer will be hired by the District as an independent contractor at no expense to the Parent. The Hearing Officer shall not be a current employee of the District, and shall not be related to any member of the District's Board of Trustees to a degree prohibited under the Texas Nepotism Statute. The Hearing Officer need not be an attorney, but shall be familiar with the requirements of §504 and the District's Hearing Procedures under §504. If a Parent disputes the impartiality of the appointed Hearing Officer, he



or she may raise such issue in a review of the Hearing Officer's opinion by a court of competent jurisdiction (see "Review Procedure" below), or in a complaint to the appropriate Officer for Civil Rights regional office. (See "Complaints to the Office for Civil Rights (OCR)" below) Parties or their representatives must not communicate directly or indirectly with the Hearing Officer regarding any issue of fact or law unless all parties receive notice of the communication and the opportunity to participate.

**Scheduling of Hearing.** The appointed Hearing Officer shall issue an Order setting Hearing Date to the Parent and District's §504 Coordinator or their representatives, in writing at his or her earliest opportunity. Such Order shall set a date for a hearing to be held within fifteen (15) days of the date of issuance of the Hearing Officer's Order. The Order shall also set forth a mutually agreeable time and place for the hearing.

**Pre-Hearing Conference.** The Hearing Officer will order a Pre-Hearing Conference at least seven (7) calendar days before the hearing, at which the Parent or his or her representative will state and clarify the issues to be addressed at the hearing. The Pre-Hearing Conference can also serve to resolve preliminary matters, clarify jurisdictional issues, and answer the parties' questions regarding the hearing process.

**Dismissal.** If, after the Pre-Hearing Conference, the Hearing Officer finds that the Parent, as a matter of law, alleges and raises no factual claims or legal issues that come within his or her jurisdiction as a §504 Hearing Officer, he or she may dismiss the hearing and issue an order to that effect explaining the bases for such finding.

**Continuances.** Upon a showing of good cause, the Hearing Officer, at his or her discretion, may grant a continuance of the hearing date and set a new hearing date by issuing a written Amended Order Setting Hearing.

**Conduct of Hearing.** The hearing shall be conducted in an informal, non-adversarial manner. The parties shall address the Hearing Officer by name (i.e., Mr., or Ms.). The hearing shall be closed or open to the public, at the parent's request. The parties are free to provide the Hearing Officer with information or opinion as to the validity or weight to be given the information presented to him or her. Neither the Federal nor Texas Rules of Evidence or Civil Procedure, however, will apply. The Hearing Officer is not required to entertain any legal evidentiary objections to the admissibility, authenticity, or probative value of either oral testimony or documentary exhibits offered at the hearing. In the exercise of his or her discretion, however, the Hearing Officer may reasonably limit testimony and introduction of documentary exhibits for reasons of relevance. (See also "Submission of Documentary Exhibits" below)



**Recording.** Instead of a formal written transcript produced by a court reporter, the entire due process hearing will be tape-recorded. The Parent may obtain a copy of the tape recording at his or her request. In order for an accurate recording to be made, the parties and witnesses shall introduce themselves at the beginning of their presentations. If a Parent proceeds to a review of the due process hearing in a court of competent jurisdiction (See "Review Procedure" below), the District will prepare a written transcript of the hearing tape recording to be offered to the court as an exhibit.

**Witnesses.** Witnesses will present their information in narrative form, without the traditional question and answer format of legal proceedings. Cross-examination of witnesses will not be allowed, but a party may request that the Hearing Officer, at his or her discretion, ask a witness a certain question.

**Format for Presentations.** The Parent will present his or her case first, by making an opening statement which outlines the Parent's position on all issues, by presenting personally, by calling additional witnesses, and by making a closing argument. All of the preceding may be done either personally or through counsel, except for personal presentations or statements. At the end of the District's presentation, the Parent may offer a short response to the District's case. The above format is not required, but may be helpful in organizing the presentation of the case to the Hearing Officer.



**Submission of Documentary Exhibits.** As part of their presentations, the parties may submit documentary evidence, such as any reports, evaluations, correspondence, notes, or any other documents that may support their positions. Documentary evidence which a party intends to use in the hearing must be provided to the other party at least five (5) calendar days before the hearing. The Hearing Officer will admit documentary evidence at his or her discretion. Each separate documentary exhibit submitted to the Hearing Officer by either party must be marked numerically (i.e., Parent 1, Parent 2; or for the District – Respondent 1, Respondent 2, etc.) The Hearing Officer may, in the exercise of his or her discretion, reasonably limit the number of documents to be submitted for his or her review, as well as the number of witnesses and the length and/or scope of their presentations or statements.

**Written Closing, Arguments or Briefs.** At the conclusion of all presentations, the Hearing Officer will close the hearing and set a date to issue the written decision. The Hearing Officer may make an oral ruling at the conclusion of the hearing or take the case under advisement, but must in all cases issue a written opinion addressing and ruling on all issues raised by the Parent and indicating what corrective action, if any, the District must take. However, formal findings of fact and conclusions of law are not required. Any issue or claim raised by the Parent that is left unaddressed by the Hearing Officer in his or her decision will be deemed to have been denied to the Parent. The Hearing Officer must issue a written decision to both parties within fifteen (15) days after the hearing.

**Decision Time Line.** A decision must be issued within forty-five (45) days after the date the Request for Due Process Hearing is received by the District.

**Remedies and Relief.** The Hearing Officer must confine his or her orders and rulings to those matters which involved identification, evaluation, or placement of students with disabilities under §504 and to the provisions of the regulations implementing §504. If a Parent raises issues or claims outside of the areas of identification, evaluation, or placement, that are not within the Hearing Officer's jurisdiction, the Hearing Officer will make appropriate findings to that effect either in the written decision, or at any time prior to issuing a decision (for example, at a Pre-Hearing Conference). A Hearing Officer may not award attorneys' fees as a part of relief granted to the parent.



**Review Procedure.** If not satisfied by the decision of the Hearing Officer, a Parent may seek review of the decision in a court of competent jurisdiction, generally the closest federal district court.



**Complaints to the Office of Civil Rights (OCR).** At any time, a Parent may file a complaint with OCR if he or she believes the District violated any provision or regulation of §504. The filing of a complaint does not affect the hearing process or the time lines explained above. OCR addresses §504 complaints separately and independently of the local hearing process, in accordance with the guidelines set forth in OCR's Complaint Resolution Manual.

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Harmony Public Schools et al
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED FEB 26 2016 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*  3-16CV-544-K

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____