UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANKIE N. MORGAN, et al., | § |
| Plaintiffs, | § |
| v. | § No. 3:16-CV-00544-K-BF |
| HARMONY PUBLIC | § |
| SCHOOLS, et al., | § |
| Defendants. | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court referred this case to the United States Magistrate Judge for pretrial management. *See* New Case Notes [ECF No. 1]. For the following reasons, the undersigned recommends the district court DENY as moot Defendants' Motion to Dismiss [ECF No. 20].

### Background and Analysis

On July 21, 2016, Plaintiffs filed their [First] Amended Motion to Set Aside Section 504 Due Process Hearing[,] Second Pre-Hearing Order[,] and Motion to Recuse Hearing Officer [ECF No. 8] which the Court construes as Plaintiffs' amended complaint.[1] *See* Docket. On October 6, 2016, this Court ordered this case be consolidated with three other related cases pending in the Northern District of Texas, Dallas Division. *See* Order 1-2, ECF No. 19. On October 17, 2016, Defendants Harmony Public Schools, Harmony School of Nature and Athletics, and Harmony School of Nature Independent Schools (collectively, the "Harmony Defendants") filed their Motion to Dismiss [ECF No. 20] "out of an abundance of caution" after being served with Plaintiffs' amended complaint. Defs.' Mot. to Dismiss 1, ECF No. 20. On October 27, 2016, upon leave of court[2] Plaintiffs filed their First Amended Complaint [ECF No. 26], the now live pleading in this case. The Harmony Defendants

---

[1] The Court notes that Plaintiffs filed their two prior Motions to Set Aside Section 504 Due Process Hearing [ECF Nos. 3, 8] *pro se* but have subsequently obtained counsel.
[2] *See* Order 2, ECF No. 19 (granting Plaintiffs' Motion for Leave to File Amended Pleading [ECF No. 7]).

1

subsequently filed a second Motion to Dismiss and Motion to Strike [ECF No. 28] pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(6), and 12(f). Defendants state that prior to consolidation there were pending motions to dismiss in three of the four now consolidated cases. *See* Defs.' Mot. to Dismiss 4 ¶¶ 13-14, ECF No. 28. The district courts did not enter rulings on any of the motions to dismiss. *Id.* Even assuming Defendants' motion [ECF No. 20]—which is addressed to what the Court construes as an amended complaint [ECF No. 8]—has merit, Plaintiffs have superseded that pleading by filing their First Amended Complaint [ECF No. 26]. Additionally, at the time of its motion the Harmony Defendants did not have the benefit of responding to a complaint in compliance with the Federal Rules of Civil Procedure. *See, e.g., Mangum v. United Parcel Servs.*, No. 3:09-CV-0385-D, 2009 WL 2700217, at *1 (N.D.Tex. Aug. 26, 2009) (denying as moot motion to dismiss after plaintiff filed amended complaint).[3]

## RECOMMENDATION

In light of the filing of Plaintiffs' First Amended Complaint [ECF No. 26], the undersigned respectfully recommends that Defendants Harmony Public Schools, Harmony School of Nature and Athletics, and Harmony School of Nature Independent Schools' Motion to Dismiss [ECF No. 20] be DENIED as moot. The Court will enter its findings, conclusions, and recommendations on Defendants' Motion to Dismiss and Motion to Strike [ECF No. 28] in separate forthcoming findings.

**SO RECOMMENDED**, this _15_ day of February, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court suggests no view on the merits of Plaintiffs' First Amended Complaint [ECF No. 26] or whether it is subject to dismissal under the Federal Rules of Civil Procedure.